IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.S. PETER GROSS, D.O. and <br> G.S. PETER GROSS, D.O., P.C. <br>           **Plaintiffs** <br> v. <br> THE MEDICAL PROTECTIVE COMPANY, FRED DIMEO and NANCY DIMEO <br>           **Defendants.** | NO: 2:23-cv-05077-GEKP |

**ANSWER OF DEFENDANTS, FRED DIMEO AND NANCY DIMEO TO PLAINTIFFS' COMPLAINT**

1. Denied as stated. It is admitted this is a Complaint for Breach of Contract, Declaratory Judgment pursuant to 28 U.S.C. §2201 *et seq.*, and Bad Faith to settle issues concerning the rights and obligations under medical professional insurance policies issued by Defendant The Medical Protective Company ("MedPro") to Plaintiffs G.S. Peter Gross, D.O. and G.S Peter Gross, D.O., P.C. (collectively referred to as "Dr. Gross") with respect to claims made against them in a lawsuit ("Underlying Action") filed by Defendants, Fred and Nancy DiMeo (hereafter "Defendant DiMeo"), in the Court of Common Pleas in Philadelphia County, and resulted in a judgment against Dr. Gross for $4,110,009.60.

2. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

3. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

4. Admitted.

5. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted

## FACTS

8. Admitted.

9. Denied as stated. It is admitted that attorney Kevin Wright was assigned as counsel for Dr. Gross in the Underlying Action. It is admitted that Kate Robinson is a Claims Consultant for MedPro involved in handling the Underlying Action.

10. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

11. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

12. Denied as stated. It is admitted that Philadelphia Court of Common Pleas Judge Jacquinto entered an Order dated January 4, 2024 directing the Prothonotary to

correct the judgment to reflect as follows: Judgment is entered on the jury verdict, as molded, in favor of Plaintiffs and against Defendants Peter Gross, D.O. and G.S. Peter Gross, D.O., P.C. (as vicariously liable for Dr. Peter Gross) in the amount of $4,110,009.60.

13. Denied as stated; any characterizations of the Complaint in the Underlying Action are expressly denied. The Complaint is a writing that speaks for itself.

14. Denied as stated; any characterizations of Dr. Gross' trial testimony in the Underlying Action is expressly denied. Without waiver, Dr. Gross trial testimony speaks for itself.

15. Denied as stated; any characterizations of Dr. Gross' trial testimony in the Underlying Action is expressly denied. Without waiver, Dr. Gross trial testimony speaks for itself.

16. Denied as stated; any characterizations of Mr. DiMeo's trial testimony in the Underlying Action is expressly denied. Without waiver, Mr. DiMeo's trial testimony speaks for itself.

17. Denied as stated; any characterizations of the medical records or trial testimony is expressly denied. Without waiver, the trial testimony speaks for itself.

18. Denied as stated; any characterizations of the medical records or trial testimony is expressly denied. Without waiver, the trial testimony speaks for itself.

19. Denied as stated; any characterizations of Dr. Hayek's expert opinions in the Underlying Action are expressly denied. Without waiver, Dr. Hayek's expert testimony in the Underlying Action speaks for itself.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

24. Admitted.

25. Denied as stated. Without waiver, co-defendant Pennsylvania Hospital remained on the verdict sheet but the jury did not find the Hospital was negligent. By way of further answer, Dr. Gross, through his counsel, elicited evidence attempting to shift liability to the Hospital and/or to undermine Mr. DiMeo's testimony.

26. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

27. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

28. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

29. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

30. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

31. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

32. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

33. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

34. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph. By way of further answer, Ms. Robinson also stated, "the MCARE fund did not have any money on the file."

40. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph. By way of further answer, MedPro did not make any settlement offer or tender policy limits on any policy under *after* Judge Jacquinto's denial of post-trial motions and order entering judgment in the Underlying Action.

41. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

42. Denied as stated; any characterizations of Dr. Gross' trial testimony are expressly denied. Without waiver, Dr. Gross' trial testimony speaks for itself.

43. Denied as stated; the evidence admitted at trial of the Underlying Action or the lawyers' arguments speak for themselves.

44. Admitted. By way of further evidence, MedPro recklessly abandoned their fiduciary duty to Dr. Gross by not making any settlement offer in the Underlying Action when they knew or should have known that the jury in the Underlying Action would be presented with (a lack of) evidence which MedPro itself has publicly cautioned its insureds regarding the malpractice risks associated.

45. Denied as stated; the evidence admitted at trial of the Underlying Action or the lawyers' arguments speak for themselves.

46. Denied as stated; the evidence admitted at trial of the Underlying Action or the lawyers' arguments speak for themselves.

47. Denied as stated; the evidence admitted at trial of the Underlying Action or the lawyers' arguments speak for themselves.

48. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

49. Admitted.

50. Admitted in part, denied in part. It is admitted that the verdict was molded to add delay damages and the Medicare lien amount. It is denied that the Medicare lien should not have been added to the judgment. The lawyers' agreement on-the-record in the Underlying Action makes clear that there was an agreement to mold any verdict to include the Medicare lien once a final reduced lien number was available.

51. Admitted in part. It is admitted that MedPro never conveyed any settlement offer in the Underlying Action and recklessly exposed their insured, Dr. Gross, to an excess verdict. Answering Defendant lacks sufficient knowledge or information to adequately respond whether members of the 20-plus committee at MedPro were aware of certain evidence or facts regarding the Underlying Action.

52. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

53. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

54. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

55. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

56. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

57. Admitted.

58. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

59. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

60. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

61. Admitted.

62. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

63. It is admitted only that counsel for MedPro requested the undersigned waive posting the portion of the bond for the excess verdict. The undersigned has never agreed to do so. It is also admitted that MedPro's conduct, as described in the corresponding

paragraph of Dr. Gross' Complaint, further demonstrates MedPro's reckless and bad faith claims handling.

64. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

65. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

66. Admitted.

67. It is admitted only that Plaintiffs seek a declaration that MedPro has a duty to pay for the entire appeal or forfeit its right to appeal and settle the Underlying Action.

68. It is admitted only that Plaintiffs seek damages for MedPro's alleged breach of contract and bad faith.

## THE COVERAGE DISPUTE

69. – 82. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

## COUNT I

## BREACH OF CONTRACT

83. The corresponding incorporation paragraph requires no response except to incorporate all of Answering Defendants averments set forth above as if set forth fully herein.

84. – 91.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

## COUNT II

## DECLARATORY JUDGMENT

92.    The corresponding incorporation paragraph requires no response except to incorporate all of Answering Defendants averments set forth above as if set forth fully herein.

93. – 94.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

## COUNT III

## BAD FAITH, 42 PA. C.S.A. §8371

95.    The corresponding incorporation paragraph requires no response except to incorporate all of Answering Defendants averments set forth above as if set forth fully herein.

[the remainder of this page was intentionally left blank]

96. – 102.   Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

Respectfully Submitted,

**THE BEASLEY FIRM, LLC**

By:   */s/ Louis F. Tumolo*
Louis F. Tumolo (PA 314255)
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
Phone: (215) 931-2634
Fax: (215) 592-8360
Louis.Tumolo@beasleyfirm.com
*Attorney for Defendants*
*Fred and Nancy DiMeo*

Dated:  5 February 2024

## **CERTIFICATE OF SERVICE**

I, Louis F. Tumolo, Esquire, hereby certify that a true and correct copy of the foregoing was served via Electronic Mail upon the following on February 5, 2024:

| | |
|---|---|
| Jay M. Levin, Esquire | Louis Kozloff, Esquire |
| Terri Ackerman, Esquire | Eileen M. Bradley, Esquire |
| Flaster Greenberg, P.C. | Kennedys Law |
| 100 Front Street, Suite 100 | 1600 Market Steet, Suite 1410 |
| Conshohocken, PA 19428 | Philadelphia, PA 19103 |
| *Attorneys for Plaintiff, Peter Gross, D.O.* | *Attorney for Defendant, The Medical Protective Company* |

**THE BEASLEY FIRM, LLC**

By:  */s/ Louis F. Tumolo*
Louis F. Tumolo (PA 314255)
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
Phone: (215) 931-2634
Fax: (215) 592-8360
Louis.Tumolo@beasleyfirm.com
*Attorney for Defendants*
*Fred and Nancy DiMeo*